**King A. McCULLUM, Plaintiff-Appellant,**

v.

**UNITED INTERNATIONAL CORPORA-TION and Hamilton Transport Co.,**
**Defendants-Appellees,**
**and**
**American Bulk Loading Enterprises, Inc.,**
**a corporation, Third-Party Defend-**
**ant-Appellee.**

**No. 72–1857.**

United States Court of Appeals,
Ninth Circuit.

March 11, 1974.

Newton R. Brown, Wilmington, Cal. (argued), for plaintiff-appellant.

Kenneth R. Chiate (argued) and Joseph G. Davis, Jr., of Lillick, McHose, Wheat, Adams & Charles, Kirtland & Packard, Law Firm, Los Angeles, Cal., for defendants-appellees.

Before WRIGHT, KILKENNY and GOODWIN, Circuit Judges.

OPINION

PER CURIAM:

The admiralty jurisdiction of the district court is in question on this appeal. The plaintiff-appellant was a longshoreman, employed by a stevedore company when he was injured on the pier in the course of unloading the defendant's ship. Due either to a malfunction of a shore-based crane or to its improper operation by a fellow stevedore, a piece of cargo fell from the crane and struck the plaintiff as the crane swung from the ship to the deposit area on the pier.

The plaintiff sued in admiralty, alleging that the defendant was negligent and its ship unseaworthy. The district court granted summary judgment in favor of the defendant and the plaintiff appeals.

Federal admiralty jurisdiction [28 U.S.C. § 1333; 46 U.S.C. § 740] does not extend to injuries to stevedores on the pier caused by faulty or improperly operated pier-based equipment. *Compare* Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971); Chagois v. Lykes Bros. Steamship Co., 457 F.2d 343 (5th Cir. 1972); *and* Snydor v. Villain & Fassio, etc., 459 F.2d 365 (4th Cir. 1972) *with* Gutierrez v. Waterman Steamship Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963). We conclude, therefore, that plaintiff's complaint did not state a

claim of which the district court had jurisdiction.

The judgment of the district court is vacated, and the cause remanded with instructions to dismiss for lack of subject matter jurisdiction.